UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

TANGENT TECHNOLOGIES LLC,

*Plaintiff*,

v.

RENEW PLASTICS, LLC,

*Defendant*.

Civil Action No. 1:26-cv-1165-BBC

**JURY TRIAL DEMANDED**

**STIPULATED PROTECTIVE ORDER**

Plaintiff Tangent Technologies LLC ("Plaintiff" or "Tangent") and Defendant RENEW Plastics, LLC ("Defendant" or "RENEW") have agreed to the terms of this Order.

**I. Scope**

All disclosures, affidavits and declarations and exhibits thereto, deposition testimony and exhibits, discovery responses, documents, electronically stored information, tangible objects, information, and other things produced, provided, or disclosed in the course of this action which may be subject to restrictions on disclosure under this Order, and information derived directly therefrom (hereinafter referred to collectively as "documents"), shall be subject to this Order as set forth below.

**II. Form and Timing of Designation**

A party may designate documents as confidential and restricted in disclosure under this Order by placing or affixing the words "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" or "CONFIDENTIAL" (hereinafter referred to as "CONFIDENTIAL") or "ATTORNEYS EYES ONLY - SUBJECT TO PROTECTIVE ORDER" or "ATTORNEYS EYES ONLY" (hereinafter referred to as "ATTORNEYS EYES ONLY") on the document in a

manner that will not interfere with the legibility of the document. Documents shall be designated prior to or at the time of the production or disclosure of the documents. When a tangible object is produced for inspection subject to protection under this Order, a photograph thereof shall be produced at the time of inspection labeled with the designation CONFIDENTIAL or ATTORNEYS EYES ONLY. Thereafter any information learned or obtained as a result of the inspection shall be subject to protection under this Order in accordance with the applicable designation. By written stipulation the parties may agree temporarily to designate original documents that are produced for inspection CONFIDENTIAL or ATTORNEYS EYES ONLY even though the original documents being produced have not themselves been so labeled. All information learned in the course of such an inspection shall be protected in accordance with the stipulated designation. The copies of documents that are selected for copying during such an inspection shall be marked CONFIDENTIAL or ATTORNEYS EYES ONLY as required under this Order and thereafter the copies shall be subject to protection under this Order in accordance with their designation. The designation of documents for protection under this Order does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order.

**III. Documents Which May be Designated CONFIDENTIAL**

Any party may designate documents as CONFIDENTIAL upon making a good faith determination that the documents contain information protected from disclosure by statute or that should be protected from disclosure as confidential business or personal information, medical or psychiatric information, personnel records, or such other sensitive commercial information that is not publicly available. Public records and documents that are publicly available may not be designated for protection under this Order.

## IV. Documents Which May be Designated ATTORNEYS EYES ONLY

Any party may designate documents as ATTORNEYS EYES ONLY upon making a good faith determination that the documents contain information protected from disclosure by statute or that should be protected from disclosure as trade secrets or other highly sensitive business or personal information, the disclosure of which is likely to cause significant harm to an individual or to the business or competitive position of the designating party (including, but not limited to, customer and/or supplier lists, sales and profit information, technical information, sales projections, strategies, and industry analysis).

## V. Depositions

Deposition testimony shall be deemed CONFIDENTIAL or ATTORNEYS EYES ONLY only if designated as such. Such designation shall be specific as to the portions of the transcript or any exhibit designated for protection under this Order. Thereafter, the deposition testimony and exhibits so designated shall be protected, pending objection, under the terms of this Order. By stipulation read into the record the parties may agree temporarily to designate an entire deposition and the exhibits used therein for protection under this Order pending receipt and review of the transcript. In such a circumstance, the parties shall review the transcript within thirty (30) days of the receipt thereof and specifically designate the testimony and exhibits that will be protected under this Order. Thereafter only the specifically designated testimony and exhibits shall be protected under the terms of this Order.

## VI. Protection of Confidential Material

### A. Protection of Documents Designated CONFIDENTIAL

Documents designated CONFIDENTIAL under this Order shall not be used for any purpose whatsoever other than the prosecution or defense of this action, and of any appeal thereof. The parties and counsel for the parties shall not disclose or permit the disclosure of any documents

designated CONFIDENTIAL to any third person or entity except as set forth in subparagraphs (1)-(8). Subject to these requirements, only the following categories of persons may be allowed to review documents that have been designated CONFIDENTIAL.

(1) **Parties.** Parties and employees of a party to this Order.

(2) **Outside Counsel of Record.** Outside counsel of record for the parties and employees and agents of counsel who have responsibility for the preparation and trial of the action.

(3) **The Court.** The Court and its personnel, or the jury at trial.

(4) **Court Reporters and Recorders.** Court reporters and recorders engaged for depositions.

(5) **Persons Creating or Receiving Documents.** Any person who authored or recorded the designated document, and any person who has previously seen or was aware of the designated document.

(6) **Consultants, Investigators and Experts.** Consultants, investigators, or experts employed by the parties or counsel for the parties to assist in the preparation and trial of this action or proceeding, but only after such persons have completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound.

(7) **Vendors and Support Personnel.** Outside photocopying, graphic production services, or support services, or litigation support services personnel employed by the parties' outside counsel of record to assist in this litigation, and computer service personnel performing duties in relation to a computerized litigation system.

(8) **Others by Consent.** Other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered. All such persons shall execute the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound.

**B. Protection of Documents Designated ATTORNEYS EYES ONLY**

Documents designated ATTORNEYS EYES ONLY under this Order shall not be used for any purpose whatsoever other than the prosecution or defense of this action, and of any appeal thereof. The parties and counsel for the parties shall not disclose or permit the disclosure of any documents designated ATTORNEYS EYES ONLY to any third person or entity except as set forth below. Subject to these requirements, the same categories of persons as noted above for CONFIDENTIAL documents may be allowed to review documents that have been designated ATTORNEYS EYES ONLY except such documents shall **<u>NOT</u>** be disclosed to:

(1) **Parties.** Parties and employees of a party to this Order;

(2) **In-House Counsel.** In-house counsel of a party, including in-house counsel of a party's parent, subsidiary, or affiliate; or

(3) **Affiliates and Competitive Decision-Makers.** Any officer, director, member, manager, or employee of a party's parent, subsidiary, or affiliate, and any other person who is involved in competitive decision-making on behalf of a party or of any competitor of the producing party, including decisions regarding pricing, product design or development, marketing, sales, or licensing.

**C. Disclosure of ATTORNEYS EYES ONLY Documents to Consultants and Experts**

Before disclosing any document designated ATTORNEYS EYES ONLY to a consultant, investigator, or expert under Section VI.A(6), the party seeking to make the disclosure shall serve

on the producing party a written notice that includes: (a) the person's name, business address, current employer, and title; (b) the person's current curriculum vitae; (c) each person or entity by whom the person has been employed, or to whom the person has provided consulting services, within the preceding four (4) years, except that an engagement subject to a confidentiality obligation may be described generally; (d) each case in which the person has testified as an expert at trial or by deposition within the preceding four (4) years; and (e) a copy of the certification contained in Attachment A, signed by the person.

The producing party may object to the disclosure by written notice served within seven (7) business days after service of the notice. Any objection shall state its grounds with particularity. No document designated ATTORNEYS EYES ONLY shall be disclosed to the person until the objection period has expired without objection or, if a timely objection is served, until the objection is resolved by agreement or by the Court. The parties shall meet and confer within five (5) business days after service of an objection. If they are unable to resolve it, the objecting party may move the Court for an order barring the disclosure within seven (7) business days after the meet and confer, and shall bear the burden of showing that the disclosure should not be made. An objection is waived if no motion is filed within that period.

Service of a notice under this Section shall not by itself subject the identified person to discovery and shall not waive any protection under Federal Rule of Civil Procedure 26(b)(4).

**VII. Control of Documents**

Counsel for the parties shall take reasonable and appropriate measures to prevent unauthorized disclosure of documents designated for protection under this Order. Counsel shall maintain the originals of the forms signed by persons acknowledging their obligations under this Order for a period of two (2) years after dismissal of the action, the entry of final judgment, or the conclusion of any appeals arising therefrom, whichever event occurs last.

## VIII. Inadvertent Production

The inadvertent failure by the producing party or person to designate a document as CONFIDENTIAL or ATTORNEYS EYES ONLY shall not be deemed a waiver in whole or in part of the producing party's claims of confidentiality, either as to the material produced or as to the information it contains. Promptly upon discovering its inadvertent error, the producing party or person shall notify the receiving party in writing of the error, and within ten (10) days of receipt of notice the receiving party shall either (a) mark all copies of the specified materials with the appropriate legend, (b) destroy the unmarked copies, or (c) return the unmarked copies to the producing party or person for marking. If returned to the producing party for marking, the producing party shall return the marked copies to the receiving party within five (5) business days. The production or conspicuous use, in a deposition or otherwise in the presence of counsel for a producing party, of a document inadvertently not designated shall not constitute discovery or notice of such inadvertent failure to so designate or otherwise prejudice the producing party's ability to so designate at that time.

Pursuant to Federal Rule of Evidence 502(d) and (e), if a party discloses information, whether inadvertently or otherwise, that the party thereafter claims to be privileged or protected by the attorney-client privilege or attorney work product protection, such disclosure shall not constitute or be deemed a waiver or forfeiture, in this or any other federal or state proceeding, of any claim of privilege or work product protection that the producing party would otherwise be entitled to assert with respect to the information and its subject matter. This Section VIII constitutes an order under Federal Rule of Evidence 502(d), and the provisions of Federal Rule of Evidence 502(b) shall not apply to any disclosure made under this Order.

Pursuant to Federal Rule of Civil Procedure 26(b)(5)(B), upon discovering such disclosure, the producing party shall promptly notify the receiving party, in writing, of the producing party's

claim of attorney-client privilege or work product protection with respect to such information. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the Court under seal for a determination of the claim. The producing party must preserve the information until the claim is resolved.

## IX. Filing of CONFIDENTIAL or ATTORNEYS EYES ONLY Documents as Restricted to Case Participants

The parties must file as restricted to case participants any documents designated CONFIDENTIAL or ATTORNEYS EYES ONLY under this Order and/or containing information protected as CONFIDENTIAL or ATTORNEYS EYES ONLY under this Order, pursuant to the Local Rules, and any additional applicable Order.

## X. Challenges by a Party to a Designation for Protection Under this Order

Any CONFIDENTIAL or ATTORNEYS EYES ONLY designation is subject to challenge by any party or non-party with standing to object (hereafter "objecting party"). Before filing any motions or objections to a designation for protection under this Order with the Court, the objecting party shall have an obligation to meet and confer in a good faith effort to resolve the objection by agreement. If agreement is reached confirming or waiving the CONFIDENTIAL or ATTORNEYS EYES ONLY designation as to any documents subject to the objection, the designating party shall serve on all parties and objecting parties a notice specifying the documents and the nature of the agreement.

## XI. Action by the Court

Applications to the Court for an order relating to any documents designated for protection under this Order shall be by motion and any other procedures set forth in the presiding judge's

standing orders or other relevant orders. Nothing in this Order or any action or agreement of a party under this Order limits the Court's power to make any orders that may be appropriate with respect to the use and disclosure of any documents produced or used in discovery or at trial.

**XII. Use of Confidential Documents or Information at Trial**

Absent order of the Court, all trials are open to the public and there will be no restrictions on the use at trial of any document designated for protection under this Order. If a party intends to present at trial documents designated for protection under this Order, or information derived therefrom, such party shall provide advance notice to the party designating the documents for protection under this Order at least five (5) days before the commencement of trial by identifying the documents or information at issue as specifically as possible (i.e., by Bates number, page range, deposition transcript lines, etc.). Upon motion of the party designating the document for protection under this Order, the Court may thereafter make such orders as are necessary to govern the use of such documents or information at trial.

**XIII. Obligations on Conclusion of Litigation**

**A. Order Remains in Effect**

Unless otherwise agreed or ordered, this Order shall remain in force after dismissal or entry of final judgment not subject to further appeal.

**B. Return of Documents Designated for Protection Under this Order**

Within thirty days after dismissal or entry of final judgment not subject to further appeal, all documents designated for protection under this Order, shall be returned to the producing party unless: (1) the document has been offered into evidence or filed without restriction as to disclosure; (2) the parties agree to destruction in lieu of return; or (3) as to documents bearing the notations, summations, or other mental impressions of the receiving party, that party elects to destroy the documents and certifies to the producing party that it has done so. Notwithstanding the above

requirements to return or destroy documents, counsel may retain copies of all pleadings, motions, orders, written discovery, and other papers filed with the Court or exchanged by the parties even though they may contain documents designated for protection under this Order. Counsel may also retain attorney work product, including an index which refers or relates to documents designated for protection under this Order, so long as that work product does not duplicate verbatim substantial portions of the text or images of documents designated for protection under this Order. This work product shall continue to be subject to the protections of this Order in accordance with the applicable designation. An attorney may use his or her work product in a subsequent litigation provided that its use does not disclose or use documents designated for protection under this Order.

**XIV. Order Subject to Modification**

This Order shall be subject to modification by the Court on its own motion or on motion of a party or any other person with standing concerning the subject matter. Motions to modify this Order shall be served and filed under the Federal Rules of Civil Procedure, the presiding judge's standing orders, or other relevant orders.

**XV. No Prior Judicial Determination**

This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any documents designated for protection under this Order are entitled to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as the Court may rule on a specific document or issue.

## XVI. Persons Bound

This Order shall take effect when entered and shall be binding upon all counsel and their law firms, the parties, and persons made subject to this Order by its terms.

SO ORDERED on November 10, 2026.

*s/ Byron B. Conway*
Hon. Byron B. Conway
United States District Judge

The parties below stipulate and agree to abide by the terms of this Order

Dated: November 6, 2026

TANGENT TECHNOLOGIES LLC

/s/ *Amol Parikh*
Amol Parikh
IL Bar No. 6285077
Attorney for Plaintiff
McDermott Will & Schulte LLP
444 West Lake Street, Suite 4000
Chicago, IL 60606-0029
(312) 373-2000
amparikh@mcdermottlaw.com

Connor Larson
IL Bar No. 6346143
Attorney for Plaintiff
McDermott Will & Schulte LLP
444 West Lake Street, Suite 4000
Chicago, IL 60606-0029
(312) 373-2000
clarson@mcdermottlaw.com

RENEW PLASTICS, LLC

s/ *Joseph A. Kromholz*
Daniel R. Johnson
WI Bar No. 1033981
Attorney for Defendant
Ryan Kromholz & Manion, S.C.
P.O. Box 26618
Milwaukee, Wisconsin 53226-0618
Telephone: (262) 783-1300
Facsimile: (262) 783-1211
djohnson@rkmiplaw.com

Joseph A. Kromholz
WI Bar No. 1002464
Attorney for Defendant
Ryan Kromholz & Manion, S.C.
P.O. Box 26618
Milwaukee, Wisconsin 53226-0618
Telephone: (262) 783-1300
Facsimile: (262) 783-1211
jkromholz@rkmiplaw.com